Filed 4/21/15  P.v. Chavez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066866 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE341796) |
| MICHAEL CHAVEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed as modified with directions.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Michael Chavez of one count of first degree burglary (Pen. Code,[1] §§ 459/460).  Chavez admitted one serious felony prior conviction (§ 667, subd. (a)(1)), one strike prior (§ 667, subds. (b)-(i)) and five prison prior convictions (§ 667.5,

_____

1    All further statutory references are to the Penal Code unless otherwise specified.

subd. (b)).  The court sentenced Chavez to a total term of 14 years in prison, consisting of eight years (the middle term doubled), plus five years for the serious felony prior[2] and one year for a prison prior.  The court struck the remaining prison priors.

Chavez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating he has been unable to identify any reasonably arguable issue for reversal on appeal.  Counsel asks this court to review the record for error as mandated by *Wende*.  We offered Chavez the opportunity to file his own brief on appeal but he has not responded.

STATEMENT OF FACTS

This case arises from a burglary of room 215 at the Travelodge in El Cajon on June 28, 2014.  At that time Chavez was registered as a guest in room 208 of the Travelodge.

Room 215 was occupied by Braulio Ponce and his coworker Samuel.  At around 9:00 p.m., Ponce went to bed.  However, he left the door ajar because Samuel was out of the room.  At around 11:00 p.m., Ponce woke up when Samuel returned to the room. Ponce discovered that his wallet and other items, including Samuel's suitcase, had been taken.

---

[2]    The abstract of judgment erroneously reflects the five-year enhancement was imposed pursuant to section 667.5, subdivision (b).  We will direct the trial court to amend the abstract of judgment to show that the five-year enhancement was imposed under section 667, subdivision (a)(1).

Review of the surveillance video at the Travelodge showed Chavez, wearing the same orange t-shirt and blue jeans as he did when he checked into the hotel earlier in the day. He was seen entering room 215 empty handed and emerging a short time later with various items, including Samuel's suitcase.

Police arrested Chavez in his room, where they found the orange t-shirt he was wearing when he registered and when he was observed on the video.

DISCUSSION

As we have noted, counsel has not identified any reasonably arguable issues for reversal on appeal. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not reasonably arguable, issues to assist this court in its mandated review of the record:

1. Whether the court abused its discretion when it denied Chavez's motion to replace appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118?

2. Whether the court abused its discretion in imposing a 14-year prison term?

We have reviewed the entire record as mandated by *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, and have not discovered any reasonably arguable issue for reversal on appeal. Competent counsel has represented Chavez on this appeal.

DISPOSITION

The trial court is directed to amend the abstract of judgment to reflect that the five-year enhancement was imposed under section 667, subdivision (a)(1) and forward an amended abstract to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


McINTYRE, J.

4